UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR D. SOLTERO, | No. 2:20-cv-1593 KJN P |
| Plaintiff, | |
| v. | ORDER |
| KING, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

Plaintiff's Complaint

The Court orders that this case proceed on plaintiff's complaint against defendant King based on plaintiff's claim that defendant Correctional Officer King sexually harassed and abused plaintiff during a pat-down search on March 7, 2019, and following such abuse, King then took plaintiff to an isolated area and ordered plaintiff to disrobe for a "strip search," but King's wrongful actions thereafter were interrupted by an alarm sounding for a separate incident, and a nonparty correctional officer intervening and ordering plaintiff to dress and leave the area. (ECF No. 1 at 3.)  The undersigned found that plaintiff's allegations are sufficient to state a potentially cognizable Eighth Amendment claim against defendant King.

////

Governing Standards

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Discussion

To date, plaintiff has been able to articulate the facts surrounding his Eighth Amendment claim. Despite his belief that this case is complex, plaintiff acknowledges that this case will likely turn on the credibility of the parties and any witnesses to the incidents.[1] Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice.

Dated: December 18, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

solt1593.31

---

[1] Plaintiff also appears to incorporate some of his discussions with defense counsel concerning the possibility of settlement of this case, as well as references to PREA. (ECF No. 20.) Plaintiff is reminded that this case does not involve a PREA claim or his claim that his PREA claim was not conducted properly. (ECF No. 6 at 2-3 (a portion of plaintiff's second claim and his third claims were screened out).)